**CADIGAN LAW FIRM, PLLC**
504 S. Stone Avenue
Tucson, AZ 85701
Telephone: (520) 622-6066
Lynne M. Cadigan, SBN 009044
Taylor W. Boren, SBN 037414
lmcadigan@cadiganlawfirm.com
tboren@cadiganlawfirm.com

John C. Manly (AZ #020229)
**MANLY, STEWART & FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Tel: (949) 252-9990
John C. Manly (AZ #020229)
jmanly@manlystewart.com

Attorneys for Plaintiffs, JANE DOE I, JANE DOE II, and JOHN DOE

Kendall D. Steele (State Bar No. 012367)
Brett Steele (State Bar No. 034716)
**WRIGHT, WELKER & PAUOLE, P.L.C.**
10429 S. 51st Street, #285
Phoenix, AZ 85044
(480) 961-0040
ksteele@wwpfirm.com
bsteele@wwpfirm.com

Attorneys for Defendant LEIZZA ALCANTARA ADAMS

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JANE DOE I; JANE DOE II; and JOHN DOE, by and through conservator, Fleming and Curti PLLC,<br><br>Plaintiffs,<br><br>vs.<br><br>LEIZZA ALCANTARA ADAMS, an unmarried person,<br><br>Defendant. | Case No.   4:23-cv-00190-SHR<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's Order Setting Rule 16 Case Management Conference, counsel for the Parties have met and conferred in accordance with Fed.R.Civ.P. 26(f) and submit the following Proposed Case Management Report:

**1. PARTIES ATTENDING THE RULE 26(f) MEETING:**

The parties held a Rule 26(f) meeting on May 16, 2023. The parties attending the Rule 26(f) meeting were: Lynne M. Cadigan and Taylor W. Boren for Plaintiffs and Kendall Steele and Brett Steele for Defendant Leizza Adams.

**2. PARTIES TO THE CASE:**

**a)** <u>Plaintiffs</u>:

Jane Doe I; Jane Doe II; and John Doe, by and through their conservator, Fleming & Curti, PLLC.  Jane Doe I, Jane Doe II and John Doe are the biological minor children of Defendant. (Defendant's parental rights were terminated and said minors have been adopted by three different families.)

**b)** <u>Defendant</u>:

Leizza Alcantara Adams, an unmarried woman.

**3. STATEMENT OF THE NATURE OF THE CASE (3 pages or less)**

**<u>Plaintiffs' Position:</u>**

Plaintiffs (through their conservator) are the minor biological children of defendant Leizza Alcantara Adams and Paul Adams (deceased) and are three of the six children Paul and Leizza Adams had between 2005 and 2015.  Leizza Adams parental rights were severed in or around November 2018.  Paul Adams committed suicide in December 2017.  Plaintiffs were subsequently adopted by three different families.

Leizza Adams and Paul Adams moved to Cochise County, Arizona in or around 2006. Paul Adams worked for U.S. Customs and Border Protection and Leizza was a stay-at-home mother. Both were members of the Church of Jesus Christ of Latter-Day Saints ("LDS" Church or Mormon Church) in Sierra Vista and Bisbee, Arizona.

On or about February 7, 2017, Interpol contacted the U.S. Department of Homeland Security regarding a video that had been submitted to the National Center for Missing and Exploited Children (NCMEC) depicting an adult male (Paul Adams) engaging in a sexual act with a pre-pubescent female (Jane Doe I). Law enforcement identified Paul Adams as the man in the video and issued a search warrant for the Adam's residence on February 8, 2017, wherein numerous videos and photographs of Paul Adams engaging in sexual acts with his children were discovered.

Paul Adams confessed in interviews with law enforcement and committed suicide in his jail cell in December 2017. Leizza Adams entered into a plea agreement wherein she plead no contest to two counts of child abuse. In August 2018, she was sentenced to two and one-half years in prison with four years of supervised probation. Leizza Adams served her time in prison and has been released but remains on supervised probation.

Leizza Adams confessed, in her own handwritten letter to her probation officer in preparation for her sentencing hearing, that she had known about Paul Adams' sexual abuse of Jane Doe I since around 2010 when she and her husband went to the Bishop of their LDS church and Paul Adams admitted, in Leizza Adams' presence, that he had performed oral sex on Jane Doe I. Law enforcement also found social media posts by Paul Adams wherein Paul Adams stated he had the best life because he could have sex

with his children and his wife knew and did not care. Leizza Adams knew Paul Adams was physically and sexually abusing Plaintiffs for years but abused/neglected Plaintiffs, did nothing to protect Plaintiffs, nor did she report Paul Adams' abuse of her children to law enforcement or child protective services as mandated by A.R.S. § 13-3620.

Plaintiffs suffer emotional injuries and bring this action for negligent infliction of emotional distress, intentional infliction of emotional distress; assault and battery under A.R.S. §§ 13-1204, 13-1203, and common law; and negligence and negligence *per se*.

**Defendants' Position:**

Paul Adams abused every member of his household, including Defendant Leizza Adams. Plaintiffs themselves have acknowledged that Paul made it impossible for Leizza to leave the abusive home, unable to protect herself or her children from the abuse, and suffered from battered woman syndrome. Plaintiffs also have acknowledged that Leizza was mentally, physically, and emotionally incapable of intervening against Paul or removing the children from Paul's abuse. Leizza has acknowledged at one point Paul confessed in her presence to abusing Jane Doe I, but insists that she did not know that there was any ongoing abuse.

Plaintiffs are involved in a separate lawsuit in Cochise County Superior Court (S0200CV202000599) stemming from the same abuse that Paul inflicted on three of his children. Plaintiffs tried to add Leizza as a party approximately two years after filing their initial complaint. The allegations against Leizza in the proposed second amended complaint were the same as the subject action, with the only difference being the addition of assault/battery in the present lawsuit. The state court judge denied the motion

to amend the complaint and the Court of Appeals declined to grant relief. The motion is pending before the Arizona Supreme Court.

4. **JURISDICTIONAL BASIS FOR THE CASE**

Plaintiffs reside and/or were subjected to alleged abuse/neglect in Cochise County, Arizona. Defendant Leizza Adams resides in Lake County, Illinois. Therefore, there is diversity among the parties. Further, the amount in controversy exceeds $75,000.

5. **PARTIES WHICH HAVE NOT BEEN SERVED**

None.

6. **ADDITIONAL PARTIES AND/OR AMENDED PLEADINGS**

**Plaintiffs' Position:**

None anticipated.

**Defendants' Position:**

None anticipated.

7. **CONTEMPLATED MOTIONS AND STATEMENT OF ISSUES (including motions under Federal Rules of Evidence 702, 703, 704, and 705).**

**Plaintiff's Motions and Issues:**

Motions *in Limine*, *Daubert* Motions (potential).

**Defendants' Motions and Issues:**

Motion to Dismiss, Motion for Summary Judgment, Motions in Limine, Daubert Motions.

8. **WHETHER THE CASE IS SUITABLE FOR REFERENCE TO A UNITED STATES MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE OR TRIAL.**

The parties did not consent to a jury trial by a United States Magistrate Judge. The parties are not opposed to a settlement conference held by a United States Magistrate Judge.

9. **STATUS OF RELATED CASES PENDING BEFORE OTHER COURTS OR OTHER JUDGES OF THIS COURT.**

*Jane Doe I, Jane Doe II and John Doe, through their conservator, Fleming and Curti, Plaintiffs vs. The Corporation for the President of the Church of Jesus Christ of Latter Day Saints; Lenzner Medical Services, LLC; Dr. John Herrod and Sherri Farnsworth Herrod; Robert Kim Mauzy and Michelle Morgan Mauzy; and Shaunice Warr, Defendants* is pending in the Superior Court of Arizona in and for the County of Cochise, No. SO200CV2000599, assigned to Honorable Timothy Dickerson.

Probationary hearings regarding Leizza Adams' criminal conviction are currently before Judge Jason Lindstrom in Cochise County, Arizona.

10. **ISSUES RELATING TO PRESERVATION, DISCLOSURE, OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE PARTIES' PRESERVATION OF ELECTRONICALLY STORED INFORMATION AND THE FORM OR FORMS IN WHICH IT WILL BE PRODUCED (see Rules 16(b)(3), 26(f)(3):**

Parties expect the preservation of any ESI and production in the form in which such ESI is currently maintained, unless agreed upon otherwise by the parties.

11. **ISSUES RELATING TO CLAIMS OF PRIVILEGE OR WORK PRODUCT (*See* Rules 16(B)(6), 26(F)(4)).**

The parties reserve the right to claims of privilege or work-product and will raise these issues, if necessary.

12. **A DISCUSSION OF WHETHER AN ORDER UNDER FEDERAL RULE OF EVIDENCE 502(d) IS WARRANTED IN THIS CASE.**

The parties do not believe a Rule 502(d) order is needed.

13. **A DISCUSSION OF NECESSARY DISCOVERY.**

The parties intend on engaging in written discovery, depositions, and possible Mental Examinations pursuant to Rule 35. The parties agree that limits on interrogatories, requests for production, and requests for admission should be set by the Federal Rules of Civil Procedure. The parties agree to 7 hours per deposition, per Fed. R. Civ. P., Rule 30(d), unless additional time is needed to fairly examine a deponent. The parties reserve the right to modify these figures as needed upon stipulation and/or leave of the Court.

14. **A STATEMENT OF WHEN THE PARTIES EXCHANGED OR WILL EXCHANGE FEDERAL RULES OF CIVIL PROCEDURE 26(a) INITIAL DISCLOSURES.**

The parties will exchange initial disclosures on June 30, 2023.

15. **PROPOSED SPECIFIC DISCOVERY DATES.**

    a. A deadline for the completion of fact discovery; March 19, 2024

    b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C); May 1, 2024

    c. A deadline for completion of all expert depositions; June 17, 2024

    d. A date by which the parties shall have engaged in face-to-face good faith settlement talks; May 5, 2024

    e. A deadline for filing dispositive motions. July 14, 2024

16. **WHETHER A JURY TRIAL HAS BEEN REQUESTED AND WHETHER THE REQUEST FOR A JURY TRIAL IS CONTESTED.**

The parties have requested a jury trial.

17. **THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS.**

Without addressing any position that Defendant may hold about Plaintiffs' ability to establish a prima facie case (a position with which Plaintiffs disagree), Defendant has extremely limited financial resources. Plaintiffs have alleged their damages exceed $300,000. In light of that, settlement prospects are questionable. The parties are open to a settlement conference or private mediation.

18. **ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE**

None at this time.

Dated this 7th day of June, 2023.

**CADIGAN LAW FIRM, PLLC and**
**MANLY STEWART & FINALDI**
 */s/Taylor Boren (with permission)*
Lynne M. Cadigan
Taylor W. Boren
John C. Manly
*Attorneys for Plaintiffs*


**WRIGHT, WELKER & PAUOLE, PLC**

 */s/Kendall Steele*
Kendall D. Steele, Esq.
Brett Steele, Esq.
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Lynne M. Cadigan, Esq.
Taylor W. Boren, Esq.
**CADIGAN LAW FIRM, PLLC**
504 South Stone Avenue
Tucson, AZ 85701
lmcadigan@cadiganlawfirm.com
tboren@cadiganlawfirm.com
and
John C. Manly, Esq.
**MANLY, STEWART & FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
jmanly@manlystewart.com
*Attorneys for Plaintiffs*

*/s/ Mandy Wyatt*